**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEVIN D. ASKEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00604-O-BP** |
| | § | |
| **CITY OF FT. WORTH,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 9, 2025, *pro se* Plaintiff Kevin D. Askey filed a complaint against the City of Fort Worth and ten other defendants. ECF No. 1. On the same day, Askey filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion for the U.S. Marshals to serve the defendants (ECF No. 4). The Court granted the motion for leave to proceed *in forma pauperis* on June 11, 2025 and withheld service of process pending judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 7. On November 5, 2025, the Court completed judicial screening and granted Askey's motion for the U.S. Marshals to serve defendants. ECF No. 8. In the same order, the Court directed the Clerk to send the relevant summons forms AO-440 and Form USM-285s to the address Askey listed on the docket for Askey to complete and resend to the Clerk. *Id.*

On December 3, 2025, the package the Clerk sent to Askey containing the forms returned as undeliverable. ECF No. 9. By Order dated January 15, 2026, the Court directed the Clerk to resend the package to Askey and ordered Askey to return the forms to the Clerk on or before February 13, 2026. ECF No. 10. On February 3, 2026, the package again returned as undeliverable. ECF No. 11.

On February 4, 2026, in the pursuit of attempting one last time to contact Askey, the Court directed the Clerk to call Askey at the phone number listed on the docket and have him verify or update his address. ECF No. 12. Askey did not answer, but the Clerk left a voicemail. The next day, Askey returned the Clerk's call, and the Clerk updated Askey's address. On February 6, 2026, the Clerk resent the package to Askey. Now, some three weeks later, Askey still has not returned the summons forms to the Court.

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). To date, Plaintiff has not complied with the Court's orders, sought an extension of time to do so, or otherwise attempt to prosecute his own case. Accordingly, this case is subject to dismissal for failure to comply with a court order and for lack of prosecution under Rule 41(b).

The Court previously specifically ordered Askey to return the forms to the Clerk by February 13, 2026, ECF No. 10, and he did not comply. Further, the ninety-day period to effect service after a plaintiff files a complaint has long since expired. *See* Fed. R. Civ. P. 4(m). Because of these circumstances, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS without prejudice** Askey's case for failure to prosecute and failure to comply with the Court's orders under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district 6 court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on February 25, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE